F I L E D
CLERK OF COURT

2025 FEB 27 PM 4: 01

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CM0165-24** |
| | ) | GPD REPORT NO. 24-12387 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| **VINCENT COTO**, | ) | DECISION AND ORDER |
| DOB: 07/25/1989 | ) | RE. DEFENDANT'S MOTION TO |
| | ) | DISMISS FOR CIVIL COMPROMISE |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Honorable Maria T. Cenzon upon Defendant Vincent Coto's ("Defendant" or "Defendant Coto") Motion to Dismiss for Civil Compromise (the "Motion") on August 7, 2024. Representing the Defendant is Attorney Louie J. Yanza. The Court took the Motion under advisement pursuant to CR 1.1(g)(4)(B) and CVR 7.1(e)(6)(A) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After having received and reviewed the pleadings on file herein and considering the applicable law, the Court issues the following Decision and Order **DENYING** Defendant's Motion to Dismiss for Civil Compromise.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant is charged with Family Violence (As a Misdemeanor) and Assault (As a Misdemeanor). Magistrate's Complaint (May 28, 2024). The Victim was living with the Defendant at the time of the alleged incident.

Defendant Coto filed a Motion to Dismiss for Civil Compromise on August 7, 2024, asking the Court to dismiss the charges of Family Violence as a Misdemeanor and Assault (As a Misdemeanor) because the alleged victim "has received satisfaction for any injury she may have sustained and is therefore compensated and requests this court for a dismissal as the result of a civil compromise." *Deft. 's Mot.* (Aug. 7, 2024) at 2. Accompanying the Motion is a filed Statement of Kamariah Dumont in Support of Dismissal of Case in which Ms. Dumont stated the following, "I have reached a civil compromise with Mr. Coto in which I received monetary compensation from Mr. Coto in satisfaction for any injury I may have suffered." *Stmnt. of Kamariah Dumont in Support of Dismissal of Case* (Aug. 7, 2024) ¶ 7.

The People have not filed a response to the Defendant's Motion; however, on August 28, 2024, the *Defendant* filed a Notice of Non-Opposition calling to the Court's attention the People's failure to file a response, stating that, "Pursuant to Rule 5(B)(2)[sic], the failure of the People of Guam to file a written Opposition has the same effect as the filing of a Non-Opposition."[1] The Court notes, however, that the provisions of the Civil Rules regarding the effect of failing to file an opposition do not apply to criminal cases. CVR 1.1 ("The provisions of the Civil Rules shall apply to all civil actions, domestic actions, special proceedings and other proceedings *not including criminal and juvenile, ....*"). Instead, the Criminal Procedure Rules of the Local Rules

---

[1] Defendant's filing of this Notice is unnecessary. The Court is aware that the People have not filed an Opposition to the Motion. More importantly, this "Notice" cites to a rule that has not been in effect for over 20 years. Assuming Defendant's counsel is referring to "Rule 5(B)(2)" of the Rules of Superior Court which had been originally promulgated in 1989, this rule no longer exists following the Supreme Court of Guam's adoption of the new Local Rules of the Superior Court pursuant to Prom. Order No. 06-006-01 on May 3, 2007, under its Organic Act authority. 48 U.S.C. §1424-1(a)(6). Defense counsel is reminded of its duty of competence under Rule 1.1 of the Guam Rules of Professional Conduct and should refresh his knowledge of the current applicable Local Rules of practice before the Superior Court of Guam. Regardless of the People's failure to file an Opposition, the Court is not absolved of its obligation to analyze the merits of the issue before it. Indeed, the Guam Supreme Court has declared that "the failure to file a written opposition to a motion, *the filing of a notice non-opposition*, or the disregard of untimely filed papers, does not require a court to automatically grant the motion and is not dispositive of the motion itself. The court has a *duty* to analyze the merits of the motion before rendering its decision." *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶¶ 27, 28 (emphasis added).

of the Superior Court of Guam apply to call criminal cases "unless otherwise ordered by the court or provided by statute, or the Local Rules of the Superior Court of Guam." CR 1.1; 8 GCA § 1.07.

## DISCUSSION

Under 8 GCA §80.90, hereinafter Guam's Civil Compromise Statute, "[w]hen the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action" and "if the person injured appears before, or filed [her] declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that [she] has received satisfaction from the injury," then "the court may, upon payment of the costs incurred, order the criminal action dismissed." 8 GCA § 80.90(a)-(b).

Guam's Civil Compromise Statute is based upon California Penal Code §§ 1377-1378, and, in the absence of binding precedent, "California case law [is] persuasive absent a compelling reason to deviate." *People v. Hall*, 2004 Guam 12 ¶ 18 (citing *Fajardo v. Liberty House*, 2000 Guam 4 ¶ 17). The Court observes, however, that Guam's Civil Compromise Statute may be applied more broadly than that of California's because Guam's law did not adopt the provisions in California excluding misdemeanors committed with felonious intent, misdemeanors committed riotously, or misdemeanors committed upon offices of justice. *People v. Moulton*, 131 Cal. App.3d Supp. 10, 20 (Cal. App. Dep't Super. Ct. 1982). California has also, since Guam's adoption of § 80.90, seen fit to further exclude offenses in the nature of family violence or crimes committed upon the elderly and children, although Guam has not followed suit.

Although California specifically excludes certain offenses from civil compromise, the Court still exercises its discretion to permit compromise of a misdemeanor by examining the same criteria followed by the California courts: (1) if the civil injury is coextensive with the criminal

violation; (2) whether full vindication of the *public injury* can be achieved through a private settlement; and (3) if the proposed compromise is voluntarily entered into by the victim. *See Moulton* at 21-23 (emphasis added).

The Defendant is charged with two crimes: Family Violence (As a Misdemeanor) and Assault (As a Misdemeanor). The Court finds that the particular offense of Family Violence *does not* have a corresponding remedy in civil law. Indeed, the California statutes form which Guam's Civil Compromise Statute is derived includes offenses against a family or household member as the type of criminal case which is *not* subject to civil compromise. Thus, while 8 GCA § 80.90 does not explicitly state that the statute is inapplicable to charges involving family violence, California law, which served as the basis for Guam's Civil Compromise Statute, excludes offenses committed against the family from its civil compromise statute.

California Penal Code § 1377 provides:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in § 1378, except when it is committed as follows:
>
> (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
> (b) Riotously.
> (c) With an intent to commit a felony.
> (d) In violation of any court order as described in § 273.6 or 273.65
> (e) *By or upon any family or household member*, or upon any person when the violation involves any person described in *§ 6211 of the Family Code[2]* or *subdivision (b) of § 13700 of this Code[3]*.

Cal. Pen. Code § 1377 (emphasis added). In California, the legislative purpose of civil compromise is to remove from criminal prosecution offense for which there is an adequate civil remedy instead

---

[2] Cal. Fam. Code § 6211 is California's "Domestic Violence" statute.
[3] Cal. Penal Code § 13700 defines "Domestic Violence" as abuse committed against an adult or a minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship.

of "subjecting the accused to criminal sanctions for the welfare of society in general." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (Cal. Appl. 1986).

Although California specifically excludes certain offense from civil compromise, the Court still exercises its discretion to permit compromise of a misdemeanor by examining the same criteria followed by the California courts: (1) if the civil injury is coextensive with the criminal violation; (2) whether full vindication of the public injury can be achieved through a private settlement; and (3) if the proposed compromise is voluntarily entered into by the victim. *See Moulton* at 21-23.

Applying the *Moulton* factors, the Court finds as follows:

(1) **Civil injury is *not* coextensive with the criminal violation**. It is irrelevant in family violence cases that a victim actually suffer bodily injury because the charge is that the Defendant recklessly caused "or attempted to cause" bodily injury. Family violence may be committed with or without injury;

(2) **Dismissal due to compromise of the family violence charges will not result in "full vindication of the public injury."** The impact of a family violence charge is felt not only by the victims themselves but other family members, loved ones and those involved in the family dynamic. The public interest is concerned when family violence charges can be dismissed on the general claim that there has been some pecuniary settlement because there is a legitimate concern that family members may be coerced or somehow "encouraged" to claim full restitution has been satisfied in order to protect a loved one from criminal prosecution. The Court recognizes that, unlike California, Guam did not specifically preclude a family violence charge from its civil compromise statute; however, the rationale prohibiting civil compromise in family violence cases is because it is difficult to determine whether or not an alleged victim actually received satisfaction

for the injury. Thus, civil compromise of a family violence offense does not present "circumstances such that through private settlement the public is fully vindicated."; and,

(3) **Was the proposed compromise voluntarily entered into by the victim?** The Court has no information to contradict the Victim's statement, made under oath, that she acted voluntarily in declaring satisfaction of restitution.

Applying the provisions of Section 80.90 and the analysis herein, this Court has found that family violence charges are not the type for which adequate compensation under the Civil Compromise statute can be readily shown. *See also, People v. Naputi*, Criminal Case No. CM0135-21, *Dec. and Order re. Def's Mot. for Civil Compromise* (Nov. 21, 2023) (Cenzon, J.) (family violence charges are not coexistive with a civil remedy); *People v. Kinsella*, Criminal Case No. CM11197-12, *Dec. and Order On Deft.'s Mot. to Dismiss* (May 3, 2013) (Bordallo, J.) (also denying dismissal on *de minimis* grounds because "[t]he risk of harm to society that arises from acts of *Assault* and *Family Violence* are significant and cannot be viewed as trivial. . ."); *People v. Smith & Petty*, Criminal Case No. CM0410-17, *Dec. and Order* (Jan. 24, 2018) (Barcinas, J.); *People v. Evaristo*, Criminal Case No. CM0598-18, *Dec. and Order (Mot. for Civil Compromise)* (Apr. 2, 2019) (Perez, J.); *People v. Salgado*, Criminal Case No. CM0125-23, *Order Re. Dismissal Due to Civil Compromise* (Oct. 24, 2023) (in the context of a violation of a court order) (Cenzon, J.); *People v. Nemecheck*, Criminal Case No. CM0212-23, *Dec. and Order Denying Deft.'s Mot. to Dismiss Due to Civil Compromise* (Nov. 17, 2023) (Lamorena, P.J.). On this basis, the Court finds that the Family Violence charges may not be resolved by civil compromise as contemplated under the statute.

Defendant is also charged with Assault (As a Misdemeanor) in this case. Although the Assault charge, on its face, lacks the element of "family or household member" in comparison

with the Family Violence charge, the Affidavit of Probable Cause sets forth an indisputable fact that the Defendant and Ms. Dumont "were living together in a Dededo residence." *Affid. of Probable Cause* (May 28, 2024). Moreover, the circumstances described in the Affidavit establish that the alleged incident also occurred in the home shared by Defendant and Ms. Dumont. As such, the technical elements of the charge are less important than the factual allegations which form the basis of the charge, i.e., that Defendant and Ms. Dumont were household members in an intimate relationship with each other at the time of the alleged offense. Thus, the *Moulton* factors apply to prohibit the satisfaction, under the circumstances, of the Assault charge by civil compromise. The familial/household relationship is so inextricably intertwined with the allegations that Defendant recklessly caused or attempted to cause bodily injury to Ms. Dumont as result in a finding that the civil injury is not coextensive with the criminal violation in this case.

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss for Civil Compromise is **DENIED**.

**SO ORDERED** this 27th day of February, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam